1   COOLEY LLP
    KOJI F. FUKUMURA (189719) (kfukumura@cooley.com)
2   RYAN E. BLAIR (246724) (rblair@cooley.com)
    4401 Eastgate Mall
3   San Diego, CA  92121
    Telephone:    (858) 550-6000
4   Facsimile:    (858) 550-6420

5   COOLEY LLP
    JEFFREY M. KABAN (235743) (jkaban@cooley.com)
6   JEFFREY M. WALKER (280505) (jwalker@cooley.com)
    3175 Hanover Street
7   Palo Alto, CA  94304
    Telephone:    (650) 843-5000
8   Facsimile:    (650) 849-7400

9   Attorneys for Defendants
    SIENTRA, INC., HANI ZEINI, MATTHEW PIGEON,
10  NICHOLAS SIMON, R. SCOTT GREER, KEVIN
    O'BOYLE, and JEFFREY NUGENT

11  [*Additional counsel listed on signature page*]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HOWARD KLEIMAN, Individually and on Behalf of All Others Similarly Situated, | Case No. 3:15-cv-5553 |
| Plaintiff, | San Mateo County Superior Court Case No. CIV 536313 |
| v. | |
| SIENTRA, INC., HANI ZEINI, MATTHEW PIGEON, NICHOLAS SIMON, TIMOTHY HAINES, R. SCOTT GREER, KEVIN O'BOYLE, JEFFREY NUGENT, PIPER JAFFRAY & CO., STIFEL, NICOLAUS & COMPANY, INCORPORATED, LEERINK PARTNERS LLC, and WILLIAM BLAIR & COMPANY, L.L.C., | **NOTICE OF REMOVAL OF STATE COURT CIVIL ACTION** |
| Defendants. | |

**TO THE CLERK OF THE DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. sections 1331, 1441, and 1446, defendants Sientra, Inc. ("Sientra"), Hani Zeini, Matthew Pigeon, Nicholas Simon, R. Scott Greer, Kevin O'Boyle, Jeffrey Nugent, Piper Jaffray & Co., Stifel, Nicolaus & Company, Incorporated, Leerink Partners LLC, and William Blair & Company, L.L.C (collectively "Defendants") hereby jointly remove the above-captioned case, and all claims and causes of action therein, from the Superior Court of the State of California, County of San Mateo, to the United States District Court for the Northern District of California, San Francisco Division. This Notice of Removal is based on the following grounds:

1. On or about November 19, 2015, Plaintiff Howard Kleiman ("Plaintiff"), individually and on behalf of all others similarly situated, commenced a civil action in the Superior Court of the State of California, County of San Mateo, captioned *Kleiman v. Sientra, Inc., et al.*, Case No. CIV 536313 (the "State Court Action"). A true and accurate copy of all process, pleadings, and orders served upon Defendants in the State Court Action are attached as Exhibit "A".

2. Defendants Sientra, Hani Zeini, Matthew Pigeon, Nicholas Simon, R. Scott Greer, Kevin O'Boyle, and Jeffrey Nugent acknowledged receipt of the Complaint and Summons for the State Court Action on December 2, 2015.

3. Defendant Timothy Haines, who resides outside the United States, has not been served with the Complaint and Summons for the State Court Action and undersigned counsel is not authorized to accept service on his behalf; therefore, Defendant Timothy Haines does not join this notice of removal.

4. Defendants Piper Jaffray & Co., Stifel, Nicolaus & Company, Incorporated, Leerink Partners LLC, and William Blair & Company, L.L.C. have not been served with the Complaint and Summons for the State Court Action.

5. This Notice of Removal is being filed within 30 days after service of the Summons and Complaint by Defendants Sientra, Hani Zeini, Matthew Pigeon, Nicholas Simon, R. Scott

1  Greer, Kevin O'Boyle, Jeffrey Nugent, Piper Jaffray & Co., Stifel, Nicolaus & Company,
2  Incorporated, Leerink Partners LLC, and William Blair & Company, L.L.C. and is thus timely
3  under 28 U.S.C. section 1446(b).

4      6.    Defendants have not pled, answered, or otherwise appeared in the State Court
5  Action.

6      7.    Defendants reserve the right to amend and/or supplement this Notice of Removal.

## JURISDICTION

8      8.    This Court has original subject matter jurisdiction over this action pursuant to 28
9  U.S.C. section 1331 because the claims asserted in the State Court Action arise under the laws of
10 the United States. The State Court Action is a putative class action brought against Sientra,
11 certain of its officers and directors and certain underwriters of Sientra's September 17, 2015,
12 follow-on public stock offering. The State Court Action alleges violations of sections 11,
13 12(a)(2), and 15 of the Securities Act of 1933, which are laws of the United States. Thus, the
14 action states a federal question granting the district court original jurisdiction. The complaint
15 lacks any state law claims.

16     9.    As a result, the State Court Action is facially removable under 28 U.S.C. section
17 1441. Pursuant to 28 U.S.C. section 1441, "[e]xcept as otherwise expressly provided by Act of
18 Congress, any civil action brought in a State court of which the district courts of the United States
19 have original jurisdiction, may be removed . . . to the district court of the United States for the
20 district and division embracing the place where such action is pending."

21     10.    Plaintiff asserts his claim on behalf of a putative class of purchasers of shares of
22 Sientra, which are "covered securities" under 15 U.S.C. section 77p(f)(3).

23     11.    Class actions alleging violations of sections 11, 12(a)(2), and 15 of the Securities
24 Act of 1933 with respect to "covered securities" are properly removed to and heard in federal
25 court. 15 U.S.C. sections 77v(a) and 77p(b)-(c); *see, e.g.*, *Lapin v. Facebook, Inc.*, No. C-12-
26 3195 MMC, 2012 WL 3647409, at *2 (N.D. Cal. Aug. 23, 2012) ("federal courts alone have
27 jurisdiction to hear covered class actions raising 1933 Act claims") (quoting *Knox v. Agria Corp.*,
28 613 F. Supp. 2d 419, 425 (S.D.N.Y. 2009)); *In re Fannie Mae Sec. Litig.*, No. 08-cv-7831-PAC,

1  2009 WL 4067266, at *2 (S.D.N.Y. Nov. 24, 2009); *Rovner v. Vonage Holdings Corp.*, No. 07-
2  178, 2007 WL 446658, at *3-4 (D.N.J. Feb. 7, 2007).

3        12.    The State Court Action is the exact type of securities class action that Congress
4  contemplated for removal in enacting the Securities Litigation Uniform Standards Act of 1998
5  ("SLUSA"). *See, e.g.*, *Knox*, 613 F. Supp. 2d at 421 (quoting H.R. Conf. Rep. No. 105-803, at 13
6  (1998)) (In enacting SLUSA, Congress intended to make "Federal court the exclusive venue for
7  most securities class action lawsuits[] [and] … to prevent plaintiffs from seeking to evade the
8  protections that Federal law provides against abusive litigation by filing suit in State, rather than
9  Federal Court."). Indeed, SLUSA expressly recognized the growing number of securities class
10 action lawsuits filed in state court after the enactment of the Private Securities Litigation Reform
11 Act of 1995 (the "Reform Act") and found that "this shift ha[d] prevented [the Reform Act] from
12 fully achieving its objectives. . . ." Pub. L. No. 105-353, § 2, 112 Stat. 3227 (1998). Here, weeks
13 before Plaintiff filed his complaint, an additional state court action was filed in the Superior Court
14 of San Mateo against Defendants also alleging violations of sections 11, 12(a)(2) and 15 of the
15 Securities Act of 1933 based on the same alleged misrepresentations and omissions as Plaintiff's
16 State Court Action. *See Oklahoma Police Pension & Retirement System v. Sientra, Inc., et al.*,
17 No. CIV 536013 (filed Oct. 28, 2015). And, another court action was filed on November 5, 2015
18 in the Superior Court of San Mateo against Defendants alleging violations of sections 11, 12(a)(2)
19 and 15 of the Securities Act of 1933 based on the same alleged misrepresentations and omissions
20 as Plaintiff's State Court Action. *See Albano, et al. v. Sientra, Inc., et al.*, No. CIV 536138.
21 Defendants are filing notices of removal for those actions as well. Before the filing of any state
22 court action, a related action had already been filed in the United States District Court for the
23 Central District of California, alleging violations under the Securities Exchange Act of 1934
24 against Defendants Sientra, Hani Zeini and Matthew Pigeon, and seeking damages substantially
25 similar, if not identical, to those in the state actions. *See Flynn v. Sientra, Inc., et al.*, No. 2:15-
26 cv-07548-SJO-RAO (C.D. Cal. filed Sept. 25, 2015). Removing the state court actions to federal
27 court grants Defendants the protections provided under federal law against abusive litigation and
28 provides a single venue to adjudicate these related securities class actions, exactly as Congress

intended.

13. Pursuant to 28 U.S.C. section 1446(d), Defendants will promptly serve a copy of this Notice on Plaintiff's attorney of record as well as file a copy of this Notice with the Clerk of the Superior Court of the State of California for the County of San Mateo.

14. Undersigned counsel certify that all Defendants who have been served with a Summons and Complaint in this action join in this Notice of Removal as required by 28 U.S.C. section 1446(b).

**INTRADISTRICT ASSIGNMENT**

15. Pursuant to United States District Court for the Northern District of California Civil Local Rule 3-2(c), this putative class action should be assigned on a district-wide basis.

16. Defendants intend to file an Administrative Motion to Consider Whether Cases Should be Related pursuant to Civil Local Rule 3-12 to relate the other securities class actions filed in Superior Court of San Mateo being removed to federal court today, *Oklahoma Police Pension & Retirement System v. Sientra, Inc., et al.*, No. CIV 536013, and *Albano, et al. v. Sientra, Inc., et al.*, No. CIV 536138.

**WHEREFORE**, pursuant to 28 U.S.C. sections 1331, 1441, and 1446, Defendants remove this action in its entirety from the Superior Court of the State of California, County of San Mateo, to the United States District Court for the Northern District of California.

Dated: December 4, 2015    COOLEY LLP

*/s/ Koji F. Fukumura*
KOJI F. FUKUMURA (189719)

Attorneys for Defendants
SIENTRA, INC., HANI ZEINI, MATTHEW PIGEON, NICHOLAS SIMON, R. SCOTT GREER, KEVIN O'BOYLE, and JEFFREY NUGENT

| | |
|---|---|
| Dated: December 4, 2015 | MORGAN, LEWIS & BOCKIUS LLP |
| | */s/ Charlene S. Shimada* |
| | CHARLENE S. SHIMADA (91407) |
| | LUCY WANG (257771) |
| | Attorneys for Defendants |
| | PIPER JAFFRAY & CO., STIFEL, NICOLAUS & COMPANY, INCORPORATED, LEERINK PARTNERS LLC, and WILLIAM BLAIR & COMPANY, L.L.C. |

**ATTESTATION (CIVIL LOCAL RULE 5-1(i)(3))**

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from the signatory.

Dated: December 4, 2015          COOLEY LLP

*/s/ Koji F. Fukumura*
KOJI F. FUKUMURA (189719)

Attorneys for Defendants
SIENTRA, INC., HANI ZEINI, MATTHEW PIGEON, NICHOLAS SIMON, R. SCOTT GREER, KEVIN O'BOYLE, and JEFFREY NUGENT