# EXHIBIT A

```
FILED
SAN MATEO COUNTY

NOV 1 9 2015

Clerk of the Superior Court
By _____
        DEPUTY CLERK
```

1  ABRAHAM, FRUCHTER
   & TWERSKY, LLP
2  IAN D. BERG (Bar No. 263586)
   TAKEO A. KELLAR (Bar No 234470)
3  11622 El Camino Real, Suite 100
   San Diego, CA 92130
4  Tel· (858) 764-2580
5  Fax. (858) 764-2582
   iberg@aftlaw com
6  tkellar@aftlaw com

7  [Additional counsel appear on signature page]

8  Attorneys for Plaintiff

9
                SUPERIOR COURT OF THE STATE OF CALIFORNIA
10
                        COUNTY OF SAN MATEO   C I V 5 3 6 3 1 3
11

12  HOWARD KLEIMAN, Individually and on      )   Case No.        **By Fax**
13  Behalf of All Others Similarly Situated,  )
                                              )
14                  Plaintiff,                )
                                              )   CLASS ACTION COMPLAINT FOR
15       vs.                                   )   VIOLATION OF §§ 11, 12(a)(2) and 15
                                              )   OF THE SECURITIES ACT OF 1933
16  SIENTRA, INC., HANI ZEINI, MATTHEW        )
17  PIGEON, NICHOLAS SIMON, TIMOTHY           )
    HAINES, R. SCOTT GREER, KEVIN             )
18  O'BOYLE, JEFFREY NUGENT, PIPER            )   DEMAND FOR JURY TRIAL
    JAFFRAY & CO., STIFEL, NICOLAUS &         )
19  CO., INC., LEERINK PARTNERS LLC,          )
    WILLIAM BLAIR & CO., LLC and DOES 1       )
20  through 25, inclusive                     )
                                              )
21                  Defendants.               )
22  _____ )

23

24

25

26

27

28

        COMPLAINT FOR VIOLATION OF §§ 11, 12(a)(2) AND 15 OF THE SECURITIES ACT OF 1933

1       Plaintiff Howard Kleiman ("Plaintiff"), individually and on behalf of all others similarly

2 situated, by his undersigned counsel, alleges the following upon personal knowledge as to himself

3 and his own acts and upon information and belief as to all other matters. Plaintiff's information and

4 belief as to matters other than himself and his own acts are based on. the investigation of Plaintiff's

5 counsel, which included a review of United States Securities and Exchange Commission ("SEC")

6 filings by or concerning Sientra, Inc ("Sientra" or the "Company") as well as securities analysts'

7 reports and advisories about the Company, press releases and other public statements issued by the

8 Company, and media reports about the Company. Plaintiff believes that substantial additional

9 evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for

10 discovery

11                               **NATURE OF THE ACTION**

12       1      This is a securities class action on behalf of all persons who purchased or otherwise

13 acquired the common stock of Sientra that was issued pursuant to and/or was traceable to the

14 Registration Statement and Prospectus (the "Offering Documents") in its September 17, 2015

15 Secondary Public Offering (the "SPO"), and who were damaged thereby. Plaintiff seeks to pursue

16 remedies under the Securities Act of 1933 (the "Securities Act")

17       2      Sientra is a medical aesthetics company founded in 2003 and was formerly known as

18 Juliet Medical, Inc   The Company develops and sells medical aesthetics products to plastic

19 surgeons, including silicone gel breast implants for use in breast augmentation and breast

20 reconstruction procedures, breast tissue expanders, and implants for contouring purposes to various

21 parts of the body   It is headquartered in Santa Monica, California and its shares trade on the

22 NASDAQ under the ticker symbol "SIEN."

23       3.     The exclusive manufacturer of Sientra's products is Silimed.   Silimed is

24 headquartered in Brazil and is the largest manufacturer of silicone implants in South America

25 Sientra purchased Silimed's North American subsidiary in 2007.

26       4.     The Offering Documents emphasized Sientra's unique role as one of the few

27 companies in the United States that had approval to manufacture and distribute breast implants.

28 Citing clinical trials, the Offering Documents also touted the safety and quality of Sientra's products

1    as comparable to or better than that of its two competitors in the United States

2        5.       On September 24, 2015, it was announced that the United Kingdom's Medicines and
3    Healthcare products Regulatory Agency ("MHRA") had suspended sales of Silimed products after
4    an audit of Silimed's manufacturing processes revealed contamination in Silimed's Rio de Janeiro
5    manufacturing plant.

6        6.       On October 5, 2015, Sientra issued a press release announcing that on October 2,
7    2015, the Company had learned that Brazilian regulatory agencies were continuing to review
8    compliance related to Good Manufacturing Practices ("GMP") at Silimed's manufacturing facility
9    and had temporarily suspended manufacturing of all medical devices made by Silimed.  In addition,
10   the Brazilian Health Surveillance Agency ("ANVISA") also suspended the use of all implantable
11   products manufactured by Silimed in Brazil

12       7.       On this news, Sientra shares dropped precipitously that day on extremely high trading
13   volume, falling by $2.19 per share to close at $8.18 per share, a 22% decline  The $8.18 share price
14   also represented a decline of nearly 63% in the price of Sientra stock from the SPO price of $22 per
15   share.

16       8.       The true facts, which were known by the Defendants but were not disclosed to the
17   investing public in the Offering Documents, were as follows.

18           (a)      The Company's Silimed manufacturing plant was not complying with GMP
19   such that silicate and cotton fibers were contaminating the finished product.

20           (b)      The plant's failure to follow GMP indicated that Sientra's manufacturer was
21   not competent to assure the production of safe products

22           (c)      Sientra lacked a reasonable basis for its statements about the success of its
23   clinical trial outcomes and its manufacturing processes.

24                          **JURISDICTION AND VENUE**

25       9.       The claims asserted herein arise under and pursuant to Sections 11, 12(a)(2) and 15 of
26   the Securities Act, 15 U.S C  §§ 77k, 77l(a)(2) and 77o.  This Court has jurisdiction of this action
27   pursuant to Section 22 of the Securities Act, 15 U S C. §77v, and 28 U.S.C  §1331  Section 22(a) of
28   the Securities Act explicitly states that "[e]xcept as provided in section 16(c), no case arising under

1    this title and brought in any State court of competent jurisdiction shall be removed to any court in the

2    United States." Section 16(c) refers to "covered class actions," which are defined as lawsuits

3    brought as class actions or brought on behalf of more than 50 persons asserting claims under state or

4    common law   This is an action asserting federal law claims   Thus, it does not fall within the

5    definition of "covered class action" under § 16(b)-(c) and therefore is not removable to federal court.

6    *See Luther v Countrywide Fin Corp* , 195 Cal. App. 4th 789, 792 (2011) ("the federal Securities Act

7    of 1933, as amended by the Securities Litigation Uniform Standards Act, provides for concurrent

8    jurisdiction for cases asserting claims under the 1933 Act"); *Luther v Countrywide Home Loans*

9    *Servicing LP*, 533 F 3d 1031, 1032 (9th Cir 2008) ("Section 22(a) of the Securities Act of 1933

10   creates concurrent jurisdiction in state and federal courts over claims arising under the [1933] Act. It

11   also specifically provides that such claims brought in state court are not subject to removal to federal

12   court.")

13          10       This Court has jurisdiction over Sientra because Sientra is a citizen of California as it

14   has its principal place of business at 420 S. Fairview Avenue, Suite 200, Santa Barbara, California

15   93117 and certain of the Individual Defendants (as defined below) work and/or reside in California

16          11.      Venue is proper in this Court because the conduct at issue took place and had an

17   effect in this County and certain of the Individual Defendants work and/or reside in this County

18                                           **PARTIES**

19          12.      Plaintiff Howard Kleiman acquired the common stock of Sientra pursuant to or

20   traceable to the SPO and has been damaged thereby

21          13.      Defendant Sientra is a medical aesthetics company   It is incorporated in Delaware

22   and has its principle executive offices in Santa Barbara, California.

23          14       Defendant Hani Zeini ("Zeini") is, and was at the time of the SPO, Chief Executive

24   Officer ("CEO"), and a director of Sientra

25          15.      Defendant Matthew Pigeon ("Pigeon") is, and was at the time of the SPO, Chief

26   Financial Officer ("CFO") of Sientra

27          16       Defendant Nicholas Simon ("Simon") is, and was at the time of the SPO, Chairman

28   of the Board of Sientra.   Simon resides in this County at 50 Clark Drive, San Mateo, California

-3-
COMPLAINT FOR VIOLATION OF §§ 11, 12(a)(2) AND 15 OF THE SECURITIES ACT OF 1933

1  94401.

2       17      Defendant Timothy Haines ("Haines") is, and was at the time of the Secondary
3  Offering, a director of Sientra.

4       18      Defendant R. Scott Greer ("Greer") is, and was at the time of the Secondary Offering,
5  a director of Sientra.

6       19.     Defendant Kevin O'Boyle ("O'Boyle") is, and was at the time of the SPO, a director
7  of Sientra

8       20      Defendant Jeffrey Nugent ("Nugent") is, and was at the time of the SPO, a director of
9  Sientra

10      21.     The defendants named in ¶¶14-20 are referred to herein as the "Individual
11 Defendants."    The Individual Defendants each signed the Registration Statement issued in
12 connection with the SPO (the "Registration Statement").  Further, Zeini and Pigeon are executives of
13 Sientra and participated in the roadshow to sell the SPO  Sientra and the Individual Defendants who
14 signed the Registration Statements are strictly liable for the dales and misleading statements
15 incorporated into the Registration Statement.

16      22      Defendants Piper Jaffray & Co , Stifel, Nicolaus & Co., Inc  Leerink Partners LLC,
17 and William Blair & Company LLC are each financial services firms that acted as underwriters of
18 Sientra's SPO, helping to draft and disseminate the Offering Documents and conduct the SPO
19 These defendants are referred to herein collectively as the "Underwriter Defendants "  Sientra, the
20 Individual Defendants, and the Underwriter Defendants may also be referred to herein collectively as
21 the "Defendants."

22      23.     Pursuant to the Securities Act, the Underwriter Defendants are liable for the false and
23 misleading statements in the Offering Documents as follows:

24              (a)      The Underwriter Defendants are investment banking houses that specialize,
25 *inter alia*, in underwriting public offerings of securities. They served as the underwriters of the SPO
26 and shared more than $4 million in fees collectively   The Underwriter Defendants determined that
27 in return for their share of the SPO proceeds, they were willing to merchandize Sientra stock in the
28 SPO. The Underwriter Defendants arranged a multi-city roadshow prior to the SPO during which

1  they and representatives from Sientra met with potential investors and presented highly favorable
2  information about the Company, its operations and its financial prospects.

3              (b)      The Underwriter Defendants also demanded and obtained an agreement from
4  Sientra that it would indemnify and hold the Underwriter Defendants harmless form any liability
5  under the federal securities laws  They also made certain that Sientra had purchased millions of
6  dollars in directors' and officers' liability insurance

7              (c)      Representatives of the Underwriter Defendants assisted Sientra and the
8  Individual Defendants in planning the SPO and purportedly conducted an adequate and reasonable
9  investigation into the business and operations of Sientra, an undertaking known as "due diligence."
10  The due diligence investigation was required of the Underwriter Defendants in order to engage in the
11  Secondary Offering  During the course of their due diligence, the Underwriter Defendants had
12  continual access to confidential corporate information concerning Sientra's operations and financial
13  prospects.

14              (d)      In addition to availing themselves of virtually unbridled access to internal
15  corporate documents, agents of the Underwriter Defendants met with Sientra's lawyers, management
16  and top executives and engaged in "drafting sessions" between at least July 2015 and September
17  2015. During these sessions, understandings were reached as to  (i) the strategy to best accomplish
18  the SPO, (ii) the terms of the SPO, including the price at which Sientra stock would be sold, (iii) the
19  language to be used in the Offering Documents, (iv) what disclosures about Sientra would be made
20  in the Offering Documents; and (v) what responses would be made to the SEC in connection with its
21  review of the Offering Documents.  As a result of those constant contacts and communications
22  between the Underwriter Defendants' representatives and Sientra's management and top executives,
23  the Underwriter Defendants knew, or should have known, of Sientra's existing problems as detailed
24  herein.

25              (e)      The Underwriter Defendants caused the Offering Documents to be filed with
26  the SEC and declared effective in connection with offers and sales of Sientra stock, including to
27  Plaintiff and the Class.

28       24      The true names and capacities of the defendants sued herein under California Code of

1 | Civil Procedure § 474 as Does 1 through 25, inclusive, are presently not known to Plaintiff, who
2 | therefore sues these defendants by such fictitious names.  Plaintiffs will seek to amend this
3 | complaint and include these Doe defendants' true names and capacities when they are ascertained.
4 | Each of the fictitiously named defendants is responsible in some manner for the conduct alleged
5 | herein and for the injuries suffered by the Class

**BACKGROUND**

7 |  25   As explained above, Sientra is a medical aesthetics company that designs and sells
8 | implants and related products for use in cosmetic and reconstructive surgeries.  Its primary products
9 | are silicone gel breast implants for use in breast augmentation and breast reconstruction procedures,
10 | which it offers in over 150 varieties of shapes, sizes and textures.  It also offers a line of breast tissue
11 | expanders, most of which are marketed as ACX, and a range of body contouring and other products
12 | including silicone elastomer oval carving blocks, scar management specialty products, temporary,
13 | single-use breast sizers, and non-breast tissue expanders.  The Company sells its products to board-
14 | certified plastic surgeons.

15 |  26   The exclusive manufacturer of Sientra's products is Silimed.  Headquartered in
16 | Brazil, Silimed is the largest manufacturer of silicone implants in South America  According to the
17 | Offering Documents, prior to the U S  Food and Drug Administration's ("FDA") approval of
18 | Sientra's breast implants in 2012, only two companies manufactured and distributed breast implants
19 | in the United States.

20 |  27   On or about October 29, 2014, Sientra filed its prospectus for an initial public
21 | offering ("IPO") of its common stock, which forms part of the October 20, 2014 Form S-1 / A
22 | Registration Statement for the IPO, and which became effective on October 28, 2014.

23 |  28   The IPO was successful for the Company and the underwriters  At least 5,750,000
24 | shares of Sientra common stock were sold to the public at $15 per share, including 750,000 shares
25 | exercised by the underwriters in an overallotment, raising over $80 million in net proceeds for the
26 | Company.

27 | //
28 | //

-6-
COMPLAINT FOR VIOLATION OF §§ 11, 12(a)(2) AND 15 OF THE SECURITIES ACT OF 1933

1

### DEFENDANTS' FALSE AND DEFECTIVE
### OFFERING DOCUMENTS IN THE SPO

2

3       29.   On or about September 18, 2015, Sientra filed its Prospectus for the SPO (the

4   "Prospectus") on Form 424(b)(4).  The Prospectus constituted part of the September 14, 2015 Form

5   S-1 / A Registration Statement for the SPO, which became effective on September 17, 2015   At

6   least 3,000,000 shares of Sientra common stock were sold to the public at $22 per share   This

7   number did not include an overallotment of 450,000 shares granted to the underwriters.

8       30.   The Offering Documents for the SPO represented the following:

9   Many of our breast implants incorporate one or more differentiated technologies,
including a proprietary high-strength, cohesive silicone gel and proprietary texturing

10   branded TRUE Texture  Our breast implants offer a desired balance between strength,
shape retention and softness due to the high-strength, cohesive silicone gel used in our

11   manufacturing process TRUE Texture provides texturing on the implant shell that is
designed to reduce the incidence of malposition, rotation and capsular contracture

12

13   ***Strong clinical trial outcomes*** Our clinical trial results demonstrate the safety and
effectiveness of our breast implants.  Our breast implants were approved by the FDA

14   based on data we collected from our ongoing, long-term clinical trial of our breast
implants in 1,788 women across 36 investigational sites in the United States. The clinical

15   data we collected over an eight-year follow-up period demonstrated rupture rates,
capsular contracture rates and reoperation rates that were comparable to or better than

16   those of our competitors, based on our competitors' published eight-year data

17   ***Innovative services that deliver an improved customer experience*** Our customer service
offerings are intended to accommodate and anticipate the needs of Plastic Surgeons so

18   that they can focus on providing better services to their patients   We provide a ten-year
limited warranty that is the best-in-the-industry based on providing patients with the

19   largest cash reimbursement for certain out-of-pocket costs related to revision surgeries in
a covered event, a lifetime no-charge implant replacement program for covered ruptures,

20   and our industry-first C3 Program through which we offer no-charge replacement
implants to breast augmentation patients who experience capsular contracture within the

21   first five years after implantation with our smooth or textured breast implants   We also
offer specialized educational initiatives and a streamlined ordering, shipping and billing

22   process

23       31.   The Offering Documents included a disclosure that Sientra relies on a foreign sole-

24   source manufacturer, but did not disclose manufacturing problems at that manufacturer leading to

25   contamination.

26       32.   The SPO was successful for the Company and the underwriters, raising

27   approximately $66 million in gross proceeds for the Company.

28       33   By September 23, 2015, Sientra's stock continued to trade at high levels, closing that

-7-
COMPLAINT FOR VIOLATION OF §§ 11, 12(a)(2) AND 15 OF THE SECURITIES ACT OF 1933

1   day at $20.58 per share

2         34.    On September 23, 2015, the MHRA issued a press release announcing suspension of

3   sales of all Silimed silicone implants following the discovery of contamination at Silimed's Rio de

4   Janeiro manufacturing plant  The press release stated in part:

> The Medicines and Healthcare products Regulatory Agency (MHRA) jointly with
> European healthcare product regulators of member states has been informed of the
> suspension of the CE certificate for all medical devices made by the Brazilian
> manufacturer Silimed.  The German notified body has recently carried out an inspection
> of the manufacturing plant in Brazil and established that the surfaces of some devices
> were contaminated with particles  The devices covered by the suspended CE certificate
> are implants for.
>
> - silicone implants for plastic surgery: breast implants, pectoral implants, gluteal implants,
>   calf implants, implants for hand surgery, tissue expanders, facial implants, nostril
>   retainers, suspension sheets for breast surgery
> - bariatric surgery gastric bands and balloons
> - implants for urology  testicular implants, penile implants, vesical conformers. periurethal
>   constrictors, tubes for hypospadias, vaginal stents
> - silicone implants for general surgery blocks and sheets
> - silicone invasive device sizers for silicone implants
>
> MHRA is investigating in collaboration with other European regulators and recommends
> that none of these devices should be implanted until further advice is issued.
>
> We emphasize that for the moment there has been no indication that these issues would
> pose a threat to the implanted person's safety.  EU health regulators have initiated testing
> of samples of products to establish if there are any health risks
>
> In general, a medical device cannot be marketed in Europe without carrying a CE mark of
> conformity  A CE mark is applied by the manufacturer and means that the device meets
> the relevant regulatory requirements and, when used as intended, works properly and is
> acceptably safe.  CE marking for a device is a claim of compliance with the essential
> requirements of European Directives.  We continually monitor the safety of all medical
> devices.

21        35.    Subsequently, on September 24, 2014, Sientra filed with the SEC on Form 8-K a

22  letter addressed to plastic surgeons disclosing that the MHRA had suspended distribution of all

23  medical devices made by Silimed, the Company's contract manufacturer, which stated in part.

24         Dear Valued Plastic Surgeon,

> I wanted to comment on some industry news that we became aware of yesterday
> The Medicines and Healthcare products Regulatory Agency (MHRA), an executive
> agency of the United Kingdom Department of Health, announced the suspension of
> Silimed's CE certificate for all medical devices made by Silimed.  Notably, the MHRA
> stated in its announcement that *"there has been no indication at this time that these*
> *issues would pose a threat to patient safety."*

-8-
COMPLAINT FOR VIOLATION OF §§ 11, 12(a)(2) AND 15 OF THE SECURITIES ACT OF 1933

As you may know, Silimed is one of our contract manufacturers   Please note that the MHRA announcement has no applicability to Sientra's products as it is applicable only to the distribution of Silimed's CE-marked implants in Europe   Our products are FDA-regulated and PMA-approved.  Sientra's breast implants and our other products continue to be marketed and available in the United States and there has been no change to the regulatory status of Sientra's FDA-approved breast implants.

We are confident in the safety of our products, and you can reassure your patients as needed by telling them that there has been no indication that these issues would pose a threat to their safety   In light of this news, we will of course conduct our own review to ensure continued compliance with our own high internal standards

A few other important items to note·

- Silimed has assured us that they are working with the MHRA in the European Union to resolve the issues promptly, and

- Silimed has been audited multiple times by the FDA to ensure compliance with the Quality Systems Regulation, and has. to date, never received a 483 observation   Silimed has also been audited by ANVISA and other Brazilian regulatory authorities

Our recent publication of our clinical data at 8-years of follow-up supports our continued record of safety and efficacy

Given our unwavering commitment to you and your patients, I will continue to keep you fully informed

(Emphasis in original )

36.   Then, on October 5, 2015, after Brazilian regulatory agencies suspended all of Silimed's manufacturing of medical devices, Sientra issued a press release entitled "Sientra Issues Statement Regarding Recent ANVISA Announcement," which stated in part.

Sientra, Inc., a medical aesthetics company, today issued the following statement regarding a recent announcement by the Brazilian regulatory agency ANVISA and the Department of the Secretary of State of the State of Rio de Janeiro (SES -RJ) related to products made by Silimed, one of Sientra' s contract manufacturers.

On October 2nd, Sientra learned that Brazilian regulatory agencies announced that, as they continue to review the technical compliance related to Good Manufacturing Practices (GMP) of Silimed's manufacturing facility, they have temporarily suspended the manufacturing of all medical devices made by Silimed, including products manufactured for Sientra.  ANVISA has also suspended, as a precautionary measure, the use in Brazil of all implantable products manufactured by Silimed

In its announcement, ANVISA noted that no risks to patient health have been identified in connection with implanting Silimed products, and, accordingly, there is no need to adopt any procedure or action for those patients who have received them. Furthermore, ANVISA also indicated that, based on their contact to date with foreign

-9-
COMPLAINT FOR VIOLATION OF §§ 11, 12(a)(2) AND 15 OF THE SECURITIES ACT OF 1933

1    regulatory authorities, there have been no reports of adverse events related to the use of
     Silimed products

2

3        Sientra continues to be in active discussions with the United States Food and
     Drug Administration (FDA) regarding this matter   Importantly, as these discussions

4    continue, the Company continues to offer and make available its products to surgeons and
     patients in the United States   Sientra believes it currently has ample inventory to address

5    current and near-term future demand

6        We remain committed to patient safety and will keep our doctors and other
     stakeholders apprised of any new developments.

7

8        37    On this news, Sientra shares dropped quickly, falling $ 2.19 per share to close at

9    $8.18 per share on October 5, 2015, a decline of nearly 22%, on extremely high volume.  This

10   represented a decline of nearly 63% in the price of Sientra stock from the SPO price of $22 per

11   share

12       38.    The true facts, which were known by Defendants but concealed from the investing

13   public in the Offering Documents, were as follows:

14       (a)    The Company's Silimed manufacturing plant was not complying with GMP

15   such that silicate and cotton fibers were contaminating the finished product.

16       (b)    The plant's failure to follow GMP indicated that Sientra's manufacturer was

17   not competent to assure the production of safe products.

18       (c)    Sientra lacked a reasonable basis for its statements about the success of its

19   clinical trial outcomes and its manufacturing processes

20                         **NO SAFE HARBOR**

21       39    Defendants are liable for any false and misleading forward-looking statements issued

22   in connection with the September 17, 2015 SPO   The Safe Harbor provision of §27A of the

23   Securities Act, 15 U.S.C. § 77z-2(b)(2)(D), specifically excludes those statements "made in

24   connection with an initial public offering," which includes all of the false and misleading statements

25   made in connection with the SPO.

26                     **CLASS ACTION ALLEGATIONS**

27       40.    Plaintiff brings this action as a class action on behalf of all those who purchased

28   shares of common stock of Sientra pursuant to and/or traceable to the SPO (the "Class").  Excluded

1 | from the Class are Defendants, the officers, directors and affiliates of Defendants, and at all relevant

2 | times, members of their immediate families and their legal representatives, heirs, successors or

3 | assigns, and any entity in which Defendants have or had a controlling interest.

4 |     41    The members of the Class are so numerous that joinder of all members is

5 | impracticable  The precise number of Class members is unknown to Plaintiff at this time and can

6 | only be ascertained through appropriate discovery  In addition, the names and addresses of the Class

7 | members can be ascertained from the books and records of Sientra or its transfer agent.  Notice can

8 | be provided to Class members by a combination of published notice and first-class mail, using

9 | techniques and a form of notice similar to those customarily used in class actions arising under the

10 | federal securities laws.

11 |     42    Plaintiff's claims are typical of the claims of the other members of the Class because

12 | Plaintiff and all the Class members' damages arise from and were caused by the same false and

13 | misleading representations and omissions made by or chargeable to Defendants.  Plaintiff does not

14 | have any interests antagonistic to, or in conflict with. the Class.

15 |     43    A class action is superior to other available methods for the fair and efficient

16 | adjudication of this controversy.  Since the damages suffered by individual Class members may be

17 | relatively small, the expense and burden of individual litigation make it virtually impossible for the

18 | Class members to seek redress for the wrongful conduct alleged.  Plaintiff knows of no difficulty that

19 | will be encountered in the management of this litigation that would preclude its maintenance as a

20 | class action.

21 |     44    Plaintiff will fairly and adequately protect the interests of the members of the Class

22 | and has retained counsel competent and experienced in class action and securities litigation.

23 |     45    Common questions of law and fact exist as to all members of the Class and

24 | predominate over any questions solely affecting individual members of the Class.  Among the

25 | questions of law and fact common to the Class are:

26 |     (a)    whether the Securities Act was violated by Defendants' acts as alleged herein;

27 |     (b)    whether the Registration Statement issued by Defendants to the investing

28 | public in connection with the SPO omitted and/or misrepresented material facts about Sientra and its

1  business, and

2            (c)     the extent of injuries sustained by members of the Class and the appropriate

3  measure of damages.

4  **FIRST CAUSE OF ACTION**

5  **Violations of Section 11 of the Securities Act**
    **Against All Defendants**

6

7      46     Plaintiff repeats and realleges each and every allegation contained above

8      47     This cause of action is brought pursuant to Section 11 of the Securities Act, 15 U.S.C.

9  §77k, on behalf of the Class, against all Defendants.

10      48     Plaintiff acquired Sientra common stock pursuant to and/or traceable to the

11  Registration Statement.

12      49.    The Registration Statement for the SPO was inaccurate and misleading, contained

13  untrue statements of material facts, omitted to state other facts necessary to make the statements

14  made not misleading, and omitted to state material facts required to be stated therein.

15      50.    Sientra is the registrant for the SPO.  As issuer of the common stock, Sientra is

16  strictly liable to Plaintiff and the Class for the misstatements and omissions

17      51     The Individual Defendants each signed the Registration Statement.  As such, each is

18  strictly liable for the materially inaccurate statements contained in the Registration Statement and the

19  failure of the Registration Statement to be complete and accurate.

20      52.    The Underwriter Defendants each served as underwriters in connection with the SPO

21  Thus, each is strictly liable for the materially inaccurate statements contained in the Registration

22  Statement and the failure of the Registration Statement to be complete and accurate.

23      53     Neither the Individual Defendants nor the Underwriter Defendants made a reasonable

24  investigation or possessed reasonable grounds for the belief that the statements contained in the

25  Registration Statement were true and without omissions of any material facts necessary to make such

26  statements not misleading.

27      54     By reasons of the conduct herein alleged, each Defendant violated, and/or controlled

28  a person who violated, Section 11 of the Securities Act.

55.     By virtue of these violations, Plaintiff and the Class have sustained damages.  The value of the common stock of Sientra has declined substantially subsequent to and due to Defendants' violations

56.     At the time of their purchases of Sientra common stock, Plaintiff and other members of the Class were without knowledge of the facts concerning the wrongful conduct alleged herein and could not have reasonably discovered those facts prior to September 23, 2015.  Less than one year has elapsed from the time that Plaintiff discovered the facts upon which this Complaint is based to the time that Plaintiff filed this Complaint.  Less than three years have elapsed between the time that the securities upon which this Cause of Action is brought were offered to the public and the time Plaintiff filed this Complaint

## SECOND CAUSE OF ACTION

### Violations of Section 12(a)(2) of the Securities Act
### Against All Defendants

57     Plaintiff repeats and realleges each and every allegation set forth above

58.     This Cause of Action is brought pursuant to Section 12(a)(2) of the Securities Act, 15 U S.C. §77l(a)(2), on behalf of the Class.

59     Defendants were sellers and offerors and/or solicitors of purchasers of the common stock offered pursuant to the Prospectus.

60     As set forth above, the Prospectus contained untrue statements of material fact, omitted to state other facts necessary to make the statements made therein not misleading, and omitted to state material facts required to be stated therein.  Defendants' actions of solicitation included preparing the inaccurate and misleading Prospectus and participating in efforts to market the SPO to investors.

61     Defendants owed to the purchasers of Sientra common stock, including Plaintiff and the other Class members, the duty to make a reasonable and diligent investigation of the statements contained in the Prospectus to ensure that such statements were accurate and that they did not contain any misstatement or omission of material fact.  Defendants, in the exercise of reasonable care, should have known that the Prospectus contained misstatements and omissions of material fact.

1     62.     Plaintiff and the other members of the Class purchased or otherwise acquired Sientra

2   common stock pursuant and/or traceable to the Prospectus, and neither Plaintiff nor the other Class

3   members knew, or in the exercise of reasonable diligence could have known, of the untruths,

4   inaccuracies and omissions contained in the Prospectus

5     63      By reason of the conduct alleged herein, Defendants violated Section 12(a)(2) of the

6   Securities Act. As a direct and proximate result of such violations, Plaintiff and the other members

7   of the Class who purchased Sientra common stock pursuant to the Prospectus sustained substantial

8   damages in connection with their purchases of the stock.  Accordingly, Plaintiff and the other

9   members of the Class who hold the common stock issued pursuant to the Prospectus have the right

10  to rescind and recover the consideration paid for their shares, and hereby tender their common stock

11  to the Defendants sued herein.  Class members who have sold their common stock seek damages to

12  the extent permitted by law

13    64      Less than one year has elapsed from the time that Plaintiff discovered the facts upon

14  which this Complaint is based to the time that Plaintiff filed this Complaint.  Less than three years

15  elapsed between the time that the securities upon which this Cause of Action is brought were offered

16  to the public and the time Plaintiff filed this Complaint.

17                              **THIRD CAUSE OF ACTION**

18                    **Violations of Section 15 of the Securities Act**
                     **Against Sientra and the Individual Defendants**
19

20    65.     Plaintiff repeats and realleges each and every allegation contained above

21    66      This Count is brought pursuant to Section 15 of the Securities Act against Sientra and

22  the Individual Defendants.

23    67.     Each of the Individual Defendants was a control person of Sientra by virtue of his

24  position as a director and/or senior officer of Sientra.  As a result, these Defendants had the power to

25  influence and did influence Sientra to engage in the conduct complained of herein.  In addition, the

26  Company controlled all of Sientra's employees

27    68      Sientra and each of the Individual Defendants were culpable participants in the

28  violation of Section 11 of the Securities Act alleged in the First Cause of Action above, based on

1   their having signed or authorized the signing of the Registration Statement and/or having otherwise

2   participated in the process which allowed the SPO to be successfully completed.  By reason of such

3   wrongful conduct, Plaintiff and the Class suffered damages for which these Defendants are liable.

4                                    **PRAYER FOR RELIEF**

5        **WHEREFORE,** Plaintiff, on behalf of himself and the Class, prays for judgment as follows:

6        A.       Declaring this action to be a proper class action and certifying Plaintiff as Class

7   representative;

8        B.       Awarding Plaintiff and other members of the Class compensatory damages;

9        C.       Awarding Plaintiff and other members of the Class rescission on their §12(a)(2)

10  claims;

11       D.       Awarding Plaintiff and other members of the Class interest and their costs and

12  expenses, including reasonable attorneys' fees, accountants' fees and experts' fees and other costs

13  and disbursements; and

14       E.       Awarding Plaintiff and other members of the Class such other and further relief as

15  may be just and proper under the circumstances.

16                                   **JURY TRIAL DEMANDED**

17       Plaintiff hereby demands a trial by jury.

18  DATED:  November 19, 2015

                              ABRAHAM, FRUCHTER & TWERSKY LLP

19

20

21                            _Ian Berg_
                              IAN D. BERG
22                            TAKEO A. KELLAR
                              11622 El Camino Real, Suite 100
23                            San Diego, CA 92130
                              Tel: (858) 764-2580
24                            Fax: (858) 764-2582
                              _iberg@aftlaw.com_
25                            _tkellar@aftlaw.com_

26                            –and–

27

28

                                          -15-
       COMPLAINT FOR VIOLATION OF §§ 11, 12(a)(2) AND 15 OF THE SECURITIES ACT OF 1933

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JACK G  FRUCHTER (*to be admitted pro hac vice*)
CASSANDRA L  PORSCH (*to be admitted pro hac vice*)
One Penn Plaza, Suite 2805
New York, NY 10119
Tel:  (212) 279-5050
Fax: (212) 279-3655
*jfruchter@aftlaw com*
*cporsch@aftlaw com*

Attorneys for Plaintiff

COMPLAINT FOR VIOLATION OF §§ 11, 12(a)(2) AND 15 OF THE SECURITIES ACT OF 1933

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Ian D. Berg<br>State Bar No 263586<br>Abraham, Fruchter & Twersky, LLP<br>11622 El Camino Real, Suite 100, San Diego, CA 92130<br>TELEPHONE NO (858) 764-2580  FAX NO. (858) 764-2582<br>ATTORNEY FOR *(Name)* Howard Kleiman | SAN MATEO COUNTY<br>NOV 1 9 2015<br>Clerk of the Superior Court<br>By _____<br>DEPUTY CLERK |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Mateo
STREET ADDRESS  400 County Center #4
MAILING ADDRESS  400 County Center #4
CITY AND ZIP CODE  Redwood City, 94063
BRANCH NAME  Southern Branch-Hall of Justice

CASE NAME:

**By Fax**

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER CIV536313 |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded<br>$25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT |

*Items 1–6 below must be completed (see instructions on page 2).*

1 Check one box below for the case type that best describes this case

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3 740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3 403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[✓] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2  This case [✓] is [ ] is not  complex under rule 3 400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [✓] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [✓] Substantial amount of documentary evidence
d [ ] Large number of witnesses
e [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f [ ] Substantial postjudgment judicial supervision

3  Remedies sought *(check all that apply)*. a.[✓] monetary   b [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4  Number of causes of action *(specify)*. claims for violation of Sections 11, 12(a)(2) and 15 of the Securities Act of
5  This case [✓] is [ ] is not  a class action suit
6  If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015 )*

Date: November 19, 2015
Ian D. Berg
_____     ▶  *(signature)*
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal Rules of Court, rule 3 220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3 220, 3.400–3 403, 3 740,
Cal. Standards of Judicial Administration, std 3 10
www.courtinfo.ca.gov

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**SAN MATEO COUNTY**

NOV 1 9 2015

Clerk of the Superior Court

By _____
DEPUTY CLERK

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Sientra, Inc
(Additional Parties Attachment form is attached)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

HOWARD KLEIMAN, Individually and on Behalf of All Others
similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days  Read the information below

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you  Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response  You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you  If you cannot pay the filing fee, ask the court clerk for a fee waiver form  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away  If you do not know an attorney, you may want to call an attorney referral service  If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program  You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association  **NOTE.** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión  Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO despues de que le entreguen esta citacion y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante  Una carta o una llamada telefónica no lo protegen  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte  Es posible que haya un formulario que usted pueda usar para su respuesta  Puede encontrar estos formularios de la corte y mas información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede mas cerca  Si no puede pagar la cuota de presentacion, pida al secretario de la corte que le de un formulario de exención de pago de cuotas  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podra quitar su sueldo, dinero y bienes sin mas advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniendose en contacto con la corte o el colegio de abogados locales  AVISO  Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó mas de valor recibida mediante un acuerdo o una concesion de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es)* | CASE NUMBER<br>*(Número del Caso)*<br>**CIV536313** |
|---|---|

Southern Branch-Hall of Justice
400 County Center #4, Redwood City, CA 94063

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*
Abraham, Fruchter & Twersky, LLP, Ian D. Berg, 11622 El Camino Real, Suite 100, San Diego, CA 92130

| DATE  November 19, 2015<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010))*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416 10 (corporation)    ☐ CCP 416 60 (minor)
          ☐ CCP 416 20 (defunct corporation)    ☐ CCP 416 70 (conservatee)
          ☐ CCP 416 40 (association or partnership)  ☐ CCP 416.90 (authorized person)

          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev  July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE.<br>Howard Kleiman v. Sientra, Inc., et. al., | CASE NUMBER |
|---|---|

**INSTRUCTIONS FOR USE**

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached "

List additional parties *(Check only one box  Use a separate page for each type of party )*:

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

Ham Zeini
Matthew Pigeon
Nicholas Simon
Timothy Haines
R  Scott Greer
Kevin 'O' Boyle
Jeffrey Nugent
Piper Jaffray & Co.
Stifel, Nicolaus & Co., Inc.
Leerink Partners LLC
William Blair & Co , LLC
and DOES 1 through 25, inclusive

Page _____ of _____

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| — Abraham, Fruchter & Twersky, LLP<br>Ian D. Berg (Bar No. 263586)<br>16622 El Camino Real, Suite 100, San Diego, CA 92130<br>TELEPHONE NO.: (858)764-2580   FAX NO. *(Optional):* (858)764-2582<br>E-MAIL ADDRESS *(Optional):* iberg@aftlaw.com<br>ATTORNEY FOR *(Name):* Howard Kleiman | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS: 400 County Center #4
MAILING ADDRESS: 400 County Center #4
CITY AND ZIP CODE: Redwood City, 94063
BRANCH NAME: Southern Branch-Hall of Justice

PLAINTIFF/PETITIONER: Howard Kleiman

DEFENDANT/RESPONDENT: Sientra, Inc. et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>CIV536313 |
|---|---|

TO *(insert name of party being served):* Sientra, Inc., Hani Zeini, Matthew Pigeon, Nicholas Simon, R. Scott Greer, Kevin O'Boyle, and Jeffrey Nugent

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: November 25, 2015

_____         ▶ _____
(TYPE OR PRINT NAME)                          (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☐  A copy of the summons and of the complaint.
2. ☐  Other *(specify):*


*(To be completed by recipient):*

Date this form is signed:

_____         ▶
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,         (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)         ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

| Attorney or Party without Attorney (Name/Address) | FOR COURT USE ONLY |
|---|---|
| Ian D Berg<br>Abraham, Fruchter& Twersky, LLP<br>11622 El Camino Real, Suite 100, San Diego, CA 92130<br><br>Telephone: (858) 764-2580<br>State Bar No . 263586<br>Attorney for: Howard Kleiman | **FILED**<br>SAN MATEO COUNTY<br><br>NOV 1 9 2015<br><br>Clerk of the Superior Court<br>By _____<br>DEPUTY CLERK |
| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN MATEO<br>400 COUNTY CENTER<br>REDWOOD CITY, CA 94063 | |
| Plaintiff<br> Howard Kleiman | |
| Defendant   Sientra, Inc., et. al.      **By Fax** | |
| **Certificate Re Complex Case Designation** | **CIV** Case Number **538913** |

## This certificate must be completed and filed with your Civil Case Cover Sheet if you have checked a Complex Case designation or Counter-Designation

1.    In the attached Civil Case Cover Sheet, this case is being designated or counter-designated as a complex case [or as not a complex case] because at least one or more of the following boxes has been checked

        ☒ Box 1 – Case type that is best described as being [or not being] provisionally complex civil litigation (i.e., antitrust or trade regulation claims, construction defect claims involving many parties or structures, securities claims or investment losses involving many parties, environmental or toxic tort claims involving many parties, claims involving mass torts, or insurance coverage claims arising out of any of the foregoing claims).

        ☒ Box 2 – Complex [or not complex] due to factors requiring exceptional judicial management

        ☒ Box 5 – Is [or is not] a class action suit.

2.    This case is being so designated based upon the following supporting information [including, without limitation, a brief description of the following factors as they pertain to this particular case: (1) management of a large number of separately represented parties; (2) complexity of anticipated factual and/or legal issues; (3) numerous pretrial motions that will be time-consuming to resolve; (4) management of a large number of witnesses or a substantial amount of documentary evidence; (5) coordination with related actions

pending in one or more courts in other counties, states or countries or in a federal court;
(6) whether or not certification of a putative class action will in fact be pursued; and (7)
substantial post-judgment judicial supervision]:

This is a securities class action case with numerous defendants who may

be separately represented. There may be a substantial amount of documentary

evidence. Class certification will be pursued.

_____

_____

_____

*(attach additional pages if necessary)*

3.    Based on the above-stated supporting information, there is a reasonable basis for the complex
      case designation or counter-designation [or noncomplex case counter-designation] being made
      in the attached Civil Case Cover Sheet.

*****

I, the undersigned counsel or self-represented party, hereby certify that the above is true and correct
and that I make this certification subject to the applicable provisions of California Code of Civil
Procedure, Section 128.7 and/or California Rules of Professional Conduct, Rule 5-200 (B) and San
Mateo County Superior Court Local Rules, Local Rule 2.30.

Dated·  November 19, 2015

Ian D. Berg                                    _clan Becur_
[Type or Print Name]                           [Signature of Party or Attorney For Party]

CV-59 [Rev. 1/06]                              www.sanmateocourt.org

## NOTICE OF CASE MANAGEMENT CONFERENCE

*Howard Kleiman, et al*

## FILED
## SAN MATEO COUNTY

Case No **C I V 5 3 6 3 1 3**

NOV 1 9 2015

vs

**Clerk of the Superior Court**

Date **3-18-16**

*Sientra, Inc, et al*

By _____ Time 9 00 a m

DEPUTY CLERK

Dept **2(**  --on Tuesday & Thursday

Dept _____  --on Wednesday & Friday

You are hereby given notice of your Case Management Conference  The date, time and department have been written above

1    In accordance with applicable California Rules of the Court and local Rules 2 3(d)1-4 and 2 3(m), you are hereby ordered
     to

    a)  **Serve** all named defendants and file proofs of service on those defendants with the court within 60-days of filing
         the complaint (CRC 201 7)

    b)  **Serve** a copy of this notice, Case Management Statement and ADR Information Sheet on all named parties in this
         action

    c)  **File and serve** a completed Case Management Statement at least 15-days before the Case Management
         Conference [CRC 212(g)]  Failure to do so may result in monetary sanctions

    d)  **Meet and confer**, in person or by telephone, to consider each of the issues identified in CRC 212(f) no later than
         **30-days** before the date set for the Case Management Conference

2    If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned.  The Order
     to Show Cause hearing will be at the same time as the **Case Management Conference** hearing   Sanctions may
     include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.

3    Continuances of Case Management Conferences are highly disfavored unless good cause is shown

4    Parties may proceed to an appropriate dispute resolution process ("ADR") by filing a Stipulation to ADR and Proposed
     Order (see attached form)  If plaintiff files a Stipulation to ADR and Proposed Order electing to proceed to judicial
     arbitration, the Case Management Conference will be taken off the court calendar and the case will be referred to the
     Arbitration Administrator   If plaintiffs and defendants file a **completed** stipulation to another ADR process (e g ,
     mediation) **10**–days prior to the first scheduled Case Management Conference, the Case Management Conference will be
     continued for 90-days to allow parties time to complete their ADR session  The court will notify parties of their new Case
     Management Conference date

5    If you have filed a default or a judgment has been entered, your case is not automatically taken off Case Management
     Conference Calendar  If "Does", "Roes", etc  are named in your complaint, they must be dismissed in order to close the
     case  If any party is in bankruptcy, the case is stayed only as to that named party

6    You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference
     noticed above  You must be thoroughly  familiar with the case and fully authorized to proceed

7    The Case Management judge will issue orders at the conclusion of the conference that may include

    a)  Referring parties to voluntary ADR and setting an ADR completion date,

    b)  Dismissing or severing claims or parties,

    c)  Setting a trial date

8    The Case Management judge may be the trial judge in this case

For further information regarding case management policies and procedures, see the court's website at   www sanmateocourt org

*Telephonic appearances at case management conferences are available by contacting CourtCall, LLC, an independent vendor, at least five business days prior
to the scheduled conference (see attached CourtCall information)*



**Superior Court of California
County of San Mateo
Civil Department
400 County Center
Redwood City, CA  94063-1655
(650) 261-5100
www.sanmateocourt.org**

| HOWARD KLEIMAN<br>Plaintiff(s)<br>vs<br>SIENTRA, INC<br>Defendant(s) | **Notice of Complex Case Status Conference**<br><br>Case No   CIV 536313          Date  **01/19/16**<br><br>Time   **9:00 AM**<br><br>**Dept. 11** |
|---|---|
| Title    HOWARD KLEIMAN VS SIENTRA, INC, ETAL | |

You are hereby given notice of your Complex Case Status Conference  The date, time and department have been written above  At this conference, the Presiding Judge will decide whether this action is a complex case within the meaning of California Rules of Court ("CRC"), Rule 3 400, subdivision (a) and whether it should be assigned to a single judge for all purposes

1.  In accordance with applicable **San Mateo County Local Rule 2.30,** you are hereby ordered to
    a.  **Serve** copies of this notice, your Civil Case Cover Sheet, and your Certificate Re  Complex Case Designation on all named parties in this action no later than service of your first appearance pleadings
    b.  **Give reasonable notice** of the Complex Case Status Conference to all named parties in this action, even if they have not yet made a first appearance or been formally served with the documents listed in subdivision (a)  Such notice shall be given in the same manner as required for an ex parte application pursuant to CRC 3 1203

> **2.  If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned.  The Order To Show Cause hearing will be at the same time as the Complex Case Status Conference.  Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.**

3    An action is provisionally a complex case if it involves one or more of the following types of claims  (1) antitrust or trade regulation claims; (2) construction defect claims involving many parties or structures; (3) securities claims or investment losses involving many parties, (4) environmental or toxic tort claims involving many parties, (5) claims involving massive torts, (6) claims involving class actions, or (7) insurance coverage claims arising out of any of the claims listed in subdivisions (1) through (6)  The Court shall treat a provisionally complex action as a complex case until the Presiding Judge has the opportunity to decide whether the action meets the definition in CRC 3 400(a)

4    Any party who files either a Civil Case Cover Sheet (pursuant to CRC 3 401) or a counter or joinder Civil Case Cover Sheet (pursuant to CRC 3 402, subdivision (b) or (c)), designating an action as a complex case in Items 1, 2 and/or 5, must also file an accompanying Certificate Re  Complex Case Designation in the form prescribed by the Court  The certificate must include supporting information showing a reasonable basis for the complex case designation being sought  Such supporting information may include, without limitation, a brief

Form  CCSC [Rev Dec 2014]

description of the following factors as they pertain to the particular action  (1) management of a large number of separately represented parties, (2) complexity of anticipated factual and/or legal issues, (3) numerous pretrial motions that will be time-consuming to resolve, (4) management of a large number of witnesses or a substantial amount of documentary evidence, (5) coordination with related actions pending in one or more courts in other counties, states or countries or in a federal court, (6) whether or not certification of a putative class action will in fact be pursued, and (7) substantial post-judgment judicial supervision.

For further information regarding case management policies and procedures, see the court website at www.sanmateocourt.org

* Telephonic appearances at Complex Case Status Conference are available by contacting CourtCall, LLC, an independent vendor, at least 5 business days prior to the scheduled conference

## CLERK'S CERTIFICATE OF MAILING

I hereby certify that I am the clerk of this Court, not a party to this cause, that I served a copy of this notice on the below date, by placing a copy thereof in separate sealed envelopes addressed to the address shown by the records of this Court, and by then sealing said envelopes and depositing same, with postage fully pre-paid thereon, in the United States Mail at Redwood City, California

Date  11/19/15

Rodina M  Catalano,
Court Executive Officer/Clerk


By MADELINE MASTERSON
Deputy Clerk


Copies mailed to

```
IAN D BERG
11622 EL CAMINO REAL, STE 100
SAN DIEGO CA 92130
```

CM-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Ian D. Berg<br>State Bar No. 263586<br>Abraham, Fruchter & Twersky, LLP<br>11622 El Camino Real, Suite 100, San Diego, CA 92130<br>TELEPHONE NO. (858) 764-2580   FAX NO. *(Optional)* (858) 764-2582<br>E-MAIL ADDRESS *(Optional)* iberg@aftlaw.com<br>ATTORNEY FOR *(Name):* Howard Kleiman | **F I L E D**<br>**SAN MATEO COUNTY**<br><br>NOV 1 9 2015<br><br>Clerk of the Superior Court<br>By _____<br>DEPUTY CLERK |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Mateo
STREET ADDRESS  400 County Center #4
MAILING ADDRESS  400 County Center #4
CITY AND ZIP CODE  Redwood City, 94063
BRANCH NAME

| PLAINTIFF/PETITIONER: Howard Kleiman | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT  Sientra, Inc. et. al., **By Fax** | JUDICIAL OFFICER  **C I V 5 3 6 9 1 8** |
| **NOTICE OF RELATED CASE** | DEPT: |

*Identify, in chronological order according to date of filing, all cases related to the case referenced above*

1  a  Title  Oklahoma Police Pension Retirement System v. Sientra, Inc. et. al.
   b  Case number:  Civ  536013
   c  Court  [✓]  same as above
              [ ]  other state or federal court *(name and address)*
   d.  Department.  Civil (Pending Complex Case Designation)
   e.  Case type.  [ ] limited civil  [✓] unlimited civil  [ ] probate  [ ] family law  [ ] other *(specify)*:
   f.  Filing date:  October 28, 2015
   g.  Has this case been designated or determined as "complex?"  [✓] Yes  [ ] No
   h.  Relationship of this case to the case referenced above *(check all that apply)*.
       [✓]  involves the same parties and is based on the same or similar claims.
       [✓]  arises from the same or substantially identical transactions, incidents, or events requiring the determination of
             the same or substantially identical questions of law or fact.
       [ ]  involves claims against, title to, possession of, or damages to the same property.
       [ ]  is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
             [ ]  Additional explanation is attached in attachment 1h
   i  Status of case
       [✓]  pending
       [ ]  dismissed  [ ] with  [ ] without prejudice
       [ ]  disposed of by judgment

2  a  Title  Albano v. Sientra, Inc. et. al.
   b.  Case number  Civ. 536138
   c  Court:  [✓]  same as above
              [ ]  other state or federal court *(name and address)*:
   d.  Department.  Civil (Pending Complex Case Designation)

Form Approved for Optional Use
Judicial Council of California
CM-015 [Rev. July 1, 2007]

**NOTICE OF RELATED CASE**

Cal. Rules of Court, rule 3.300
www.courtinfo.ca.gov

CM-015

| | |
|---|---|
| PLAINTIFF/PETITIONER   Howard Kleiman | CASE NUMBER |
| DEFENDANT/RESPONDENT   Sientra, Inc. et. al , | |

2. *(continued)*

     e   Case type   [ ] limited civil   [✓] unlimited civil   [ ] probate   [ ] family law   [ ] other *(specify)*:

     f   Filing date   November 5, 2015

     g   Has this case been designated or determined as "complex?"   [✓] Yes   [ ] No

     h   Relationship of this case to the case referenced above *(check all that apply)*.

         [✓] involves the same parties and is based on the same or similar claims.

         [✓] arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

         [ ] involves claims against, title to, possession of, or damages to the same property

         [ ] is likely for other reasons to require substantial duplication of judicial resources if heard by different judges

            [ ] Additional explanation is attached in attachment 2h

     i   Status of case

         [✓] pending

         [ ] dismissed   [ ] with   [ ] without prejudice

         [ ] disposed of by judgment

3   a   Title

     b   Case number

     c.   Court.   [ ] same as above

         [ ] other state or federal court *(name and address)*:

     d.   Department.

     e   Case type·   [ ] limited civil   [ ] unlimited civil   [ ] probate   [ ] family law   [ ] other *(specify)*.

     f   Filing date

     g·   Has this case been designated or determined as "complex?"   [ ] Yes   [ ] No

     h   Relationship of this case to the case referenced above *(check all that apply)*

         [ ] involves the same parties and is based on the same or similar claims

         [ ] arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

         [ ] involves claims against, title to, possession of, or damages to the same property.

         [ ] is likely for other reasons to require substantial duplication of judicial resources if heard by different judges

            [ ] Additional explanation is attached in attachment 3h

     i   Status of case.

         [ ] pending

         [ ] dismissed   [ ] with   [ ] without prejudice

         [ ] disposed of by judgment

4   [ ]   Additional related cases are described in Attachment 4. Number of pages attached. _____

Date· November 19, 2015

Ian D. Berg

_____
     (TYPE OR PRINT NAME OF PARTY OR ATTORNEY)

▶ *Ian Berg*

_____
     (SIGNATURE OF PARTY OR ATTORNEY)