UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OKLAHOMA POLICE PENSION & RETIREMENT SYSTEM,<br><br>    Plaintiff,<br><br>    v.<br><br>SIENTRA, INC., et al.,<br><br>    Defendants. | Case No.  5:15-cv-05549-EJD<br><br>**ORDER GRANTING PLAINTIFFS' MOTIONS TO REMAND** |
| ANGELO ALBANO, et al.,<br><br>    Plaintiff,<br><br>    v.<br><br>SIENTRA, INC., et al.,<br><br>    Defendants. | Case No.  5:15-cv-05550-EJD |
| HOWARD KLEIMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>SIENTRA, INC., et al.,<br><br>    Defendants. | Case No.  5:15-cv-05553-EJD |

In <u>Young v. Pacific Biosciences of California, Inc.</u>, No. 5:11-cv-05668-EJD, 2012 U.S. Dist. LEXIS 33695, 2012 WL 851509 (N.D. Cal. Mar. 13, 2012), this court held that purported class actions asserting only violations §§ 11, 12(a)(2) and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77a et. seq. (the "1933 Act"), may not be removed from state court for two principal reasons. First, after looking to the United States Supreme Court's decision in <u>Kircher v. Putnam</u>

1

Case No.: 5:15-cv-05549-EJD
ORDER GRANTING PLAINTIFFS' MOTIONS TO REMAND

Funds Trust, 547 U.S. 633 (2006), the court concluded that actions for violations of the 1933 Act are not "covered class actions" under 15 U.S.C. § 77p(b) and are therefore not rendered removable by 15 U.S.C. § 77p(c).  Second, the court found based on the Ninth Circuit's decision in Luther v. Countrywide Home Loans Servicing, LP, 533 F.3d 1031 (9th Cir. 2008), that such actions are in fact prohibited from removal under 15 U.S.C. § 77v.

Citing to Young and the several subsequent opinions from this district that agree with it, each of the plaintiffs move to remand their respective actions for violations of the 1933 Act to San Mateo County Superior Court.  Defendants oppose, but provide no persuasive basis for this court to revisit its decision from Young.

Accordingly, the court finds that the cases captioned above "are not the type of covered class actions capable of being removed pursuant to § 77p, and indeed are prohibited from removal pursuant to § 77v."  Young, 2012 U.S. Dist. LEXIS 33695, at *11.  As a consequence, Defendants have not satisfied their burden to convincingly establish federal jurisdiction.  See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."); see also Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) ("Where doubt regarding the right to removal exists, a case should be remanded to state court.").

Plaintiffs' motions to remand are therefore GRANTED, and the hearing scheduled for May 26, 2016, is VACATED.  The Clerk shall remand these cases to San Mateo County Superior Court and close the files.

**IT IS SO ORDERED.**

Dated:  May 20, 2016


EDWARD J. DAVILA
United States District Judge

2
Case No.: 5:15-cv-05549-EJD
ORDER GRANTING PLAINTIFFS' MOTIONS TO REMAND